# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| FREDRICK YOUNG, ) | |
| ) | |
| Claimant, ) | |
| ) | |
| v. ) | Case No: 1:16-cv-1938-KOB |
| ) | |
| SOCIAL SECURITY ADMINISTRATION,) | |
| COMMISSIONER, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on March 16, 2018, recommending that the court affirm the decision of the Social Security Commissioner denying disability benefits to the claimant Fredrick Young. (Doc. 12). The claimant filed objections on March 27, 2018. (Doc. 16).

After a de novo review of the entire record in this case, including the Report and Recommendation, the objections, and the entire administrative and medical record, the court SUSTAINS the claimant's objections regarding the ALJ's failure to state the weight he gave treating physician Dr. Salser's medical opinion dated June 22, 2015 about the claimant's limp and unbalanced gait. For the following reasons, the court REJECTS the magistrate judge's report and recommendation and finds that the decision of the Commissioner should be REVERSED and

1

REMANDED on this issue.

On June 22, 2015, Dr. Salser wrote a letter "To Whom It May Concern," explaining that he had treated the claimant for the prior two years. Dr. Salser described the claimant's past knee injury from 1988 for which he received an honorable military medical discharge. Dr. Salser stated that "since that time, Mr. Young has had a limp and an unbalanced gait. This unbalanced gait has likely been a major contributor to his current chronic lower back pain and degenerative back disease." (R. 524). However, the ALJ did not consider Dr. Salser's letter a "medical opinion" and specifically found "no treating source opinions in the record." That finding was error.

Dr. Salser's June 22, 2015 letter constituted a medical opinion because it indicated his judgment about the claimant's limp and unbalanced gait and the cause of his continuing chronic back pain. According to 20 C.F.R. § 404.1527(a)(1), "Medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [his] symptoms, diagnosis and prognosis, what [he] can still do despite impairment(s), and [his] physical or mental restrictions."[1] Dr.

---

[1] For claims filed before March 27, 2017, 20 C.F.R. § 404.1527 is the applicable section.

Salser's letter established his opinion, based on his treatment of the claimant for two years, that the claimant had a limp and unbalanced gait. And Dr. Saler also rendered his judgment that the claimant's limp and unbalanced gait from his knee impairments likely caused his back issues and chronic back pain.

Because Dr. Salser's June 2015 letter constituted a medical opinion, the law required the ALJ to state with particularity the weight he gave that opinion. *See Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987) (reversing and remanding because the ALJ failed to assign weight to various medical opinions); *Short v. Comm'r Soc. Sec. Admin.*, 581 F. App'x 754, 756 (11th Cir. 2014) ("Without the statement of weight given to the opinion and the reasons for that weight, it is impossible for a reviewing court to determine if the ultimate decision on the merits is rational and supported by substantial evidence."). The ALJ's failure to address Dr. Salser's opinion or state the weight he gave it was reversible error.

The court is also concerned that Dr. Salser is a treating physician whose opinion the ALJ must give substantial weight unless he clearly articulates good cause for giving it less weight. *See Sharfarz*, 825 F.2d at 280 (The ALJ was "required to accord considerable weight to [the claimant's] treating physician absent good cause for not doing so."). Instead of assessing any weight to Dr. Salser's medical opinion about the claimant's limp and unbalanced gait, the ALJ

ignored that medical opinion.

And the ALJ discredited the claimant's testimony under oath about his limp and unbalanced gait because the ALJ personally observed at the hearing that the claimant's gait was normal. The ALJ cannot disregard the claimant's subjective statements about his symptoms solely on the ALJ's personal observations, but should consider those observations in his overall evaluation of the entire record. See SSR 96-7p (The ALJ is "not free to accept or reject the individual's complaints solely on the basis of such personal observations, but should consider any personal observations in the overall evaluation of the credibility of the claimant's statements.")[2]

In this case, the ALJ could not have considered his personal observation along with the entire medical record because he ignored Dr. Salser's medical opinion that the claimant in fact had a limp and unbalanced gait. Further, the ALJ admitted that the claimant walked with a cane at the hearing, so the court is unclear how the ALJ's personal observations at the hearing would reflect the claimant's true gait without a cane. Dr. Salser, as the claimant's treating physician for two years, was in a much better position to make that call. But the ALJ chose

---

[2] Although SSR 16-3p superceded SSR 96-7p effective March 28, 2016, SSR 96-7p was the controlling regulation when the claimant filed his application on January 23, 2014.

to ignore that opinion.

The court finds that the ALJ erred by failing to state with particularity the weight that he gave Dr. Salser's medical opinion or articulate the reasons for that weight. Therefore, the Commissioner's decision should be reversed and remanded for action consistent with this Memorandum Opinion.

The court will enter a separate Final Order.

DONE and ORDERED this 27th day of September, 2018.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE